RECEIVED
MAY 12 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| CARLOS JANUARY and AARON REYNOLDS, | § § § | CIVIL ACTION NO: |
| Plaintiffs | § § | **5:06cv815** |
| v. | § § § | **JUDGE HICKS** |
| CITY OF MANSFIELD and CURTIS W. McCOY, individually and as mayor of the City of Mansfield, | § § § § § | **MAG. JUDGE HORNSBY** |
| | § § | **JURY DEMAND** |
| Defendants | | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT, through the undersigned counsel, come CARLOS JANUARY and AARON REYNOLDS, complaining of THE CITY OF MANSFIELD and CURTIS W. McCOY. This Civil Action is brought by Plaintiffs to recover damages for unpaid wages, liquidated damages, costs, and attorney fees for the City of Mansfield's violations of the overtime and retaliation provisions of Sections 7, 15(a)(2), and 15(a)(3) of the Fair Labor Standards Act (hereinafter, "FLSA" or "Act"), 29 U.S.C. § 201 *et seq.*, and to restrain the City of Mansfield from withholding payment of overtime compensation found by the Court under the FLSA to be due Plaintiffs. This Civil Action is also brought against all Defendants to recover damages for violation of Plaintiff Carlos January's civil rights pursuant to 42 U.S.C. § 1983, and his rights to privacy under federal and state law. Plaintiffs would show the Court as follows:

## I. PARTIES

1. Plaintiff Carlos January (hereinafter, "January") is a person of the full age of majority and domiciled in DeSoto Parish, Louisiana.

2. Plaintiff Aaron Reynolds (hereinafter, "Reynolds") is a person of the full age of majority and domiciled in Panola County, Texas.

3. Defendant City of Mansfield (hereinafter "Mansfield" or "The City") is a municipality organized under the laws of the State of Louisiana within the territorial boundary of DeSoto Parish, Louisiana.

4. Defendant Curtis W. McCoy (hereinafter "McCoy") is a person of the full age of majority and domiciled in DeSoto Parish, Louisiana.

## II. JURISDICTION AND VENUE

5. Subject matter jurisdiction is specifically conferred upon this Court pursuant to Sections 16 and 17 of the FLSA and pursuant to 28 U.S.C. § 1331 and § 1343. This Court also has supplemental jurisdiction over Plaintiff January's state law tort claim pursuant to 28 U.S.C. § 1367, because said claim is so related to the federal question claims that it forms part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## III. FACTS

7. Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth herein.

8. At all times relevant to this Complaint, Mansfield was an "employer" subject to the minimum wage and overtime pay requirements of the FLSA.

9. At all times relevant to this Complaint, Plaintiffs were "employees" of Mansfield as defined by the FLSA.

10. At all times relevant to this Complaint, Plaintiffs were paid by the hour and not otherwise exempt from the overtime compensation requirements of the FLSA.

11. During the course of Plaintiffs' employment with Mansfield, Plaintiffs were required to work hours in excess of 40 hours in one or more workweeks for which they were not properly compensated in accordance with the FLSA.

12. Throughout Plaintiffs' employment with the City of Mansfield, The City had actual knowledge of the overtime hours worked by Plaintiffs, yet failed to pay them in accordance with the FLSA.

13. Throughout Plaintiffs' employment with the City of Mansfield, The City had actual knowledge of the overtime requirements of the FLSA as it pertained specifically to Plaintiffs' job function as canine handlers.

14. Immediately after the City of Mansfield received notice of Plaintiff January's wage claim on January 30, 2006, The City began a systematic campaign of retaliation against January, culminating in his termination on February 14, 2006.

15. Within hours of receiving notice of Plaintiff January's wage claim, Police Chief Don English ordered January to kennel his police dog, "Abbie," and park his patrol car at the station, rather than taking "Abbie" and the patrol car home, as was customary.

16. The following day, Police Chief Don English sought advice from DeSoto District Attorney Don Burkett on the legalities of killing "Abbie," claiming she was a

"vicious and aggressive" dog, rather than retiring her from service and returning her to January, as is customary. January had donated "Abbie," worth nearly $10,000, to The City only months before.

17. During a public forum meeting on February 14, 2006, McCoy intentionally and maliciously disclosed January's personal financial records, thereby outrageously invading January's reasonable expectation of privacy, for the sole purpose of injuring January's character and professional reputation, and to discourage January from asserting his claim for back wages against the City of Mansfield.

18. The City's stated reasons for firing January – "disband canine unit" – were concocted as a pretext for its retaliatory actions.

## IV.   CAUSES OF ACTION

### COUNT I

### VIOLATION OF FLSA:  Failure to pay overtime compensation

19. Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth herein.

20. Plaintiffs were the City of Mansfield's non-exempt employees and are therefore entitled to be paid an overtime premium at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of a 40-hour workweek, pursuant to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. § § 207 and 215(a)(2).

21. The City required Plaintiffs to work in excess of 40 hours per week, but did not compensate them in accordance with the requirements of the FLSA.

22. The City has knowingly and willfully violated the FLSA, entitling Plaintiffs to recover compensation for unpaid hours and overtime hours worked within

the past three (3) years pursuant to 29 U.S.C. § 255(a).

23.     Plaintiffs also seek, and are entitled to recover, liquidated damages in an amount equal to the minimum wage and overtime compensation they are owed, attorney's fees, and costs of this action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF FLSA: Retaliation – Wrongful Termination
### (as to Plaintiff Carlos January only against the City of Mansfield)

24.     Plaintiff Carlos January re-alleges and incorporates herein the allegations in the preceding paragraphs as if fully set forth herein.

25.     January would further show the Court that the City of Mansfield retaliated against him immediately after exercising his rights under the FLSA in violation of Section 15(a)(3), 29 U.S.C. 215(a)(3).

26.     As a result of The City's knowing, intentional, and blatantly malicious and/or reckless retaliatory actions, January was terminated from employment with The City, has suffered an invasion of his privacy, and has suffered and continues to suffer injury to his character, professional reputation, and future employment prospects.

27.     January seeks, and is entitled to recover, such legal or equitable relief as may be appropriate to effectuate the purpose of Section 15(a)(3) of the Act, including, but not limited to, reinstatement or, alternatively, front pay in lieu of reinstatement, back wages, an equal amount as liquidated damages, compensatory damages, punitive damages, attorney's fees, and costs of this action.

## COUNT III

## INVASION OF PRIVACY
### (as to Plaintiff January only against Defendant McCoy and, alternatively, against Defendant City of Mansfield)

28. Plaintiff Carlos January realleges and incorporates herein the allegations in the preceding paragraphs as if fully set forth herein.

29. Plaintiff January would further show the Court that McCoy invaded his privacy, specifically violating his right to be free from unreasonable intrusion into his seclusion or solitude or private affairs, in violation of the Fourteenth Amendment to the United States Constitution and La. Const. Art. 1, § 5 by intentionally and maliciously publicizing Plaintiff's personal financial matters in a public forum for the sole purpose of injuring January and to discourage January from asserting his claim for back wages against the City of Mansfield.

30. In the alternative and in the event McCoy's acts can be attributed to the City of Mansfield in his capacity as mayor or otherwise through vicarious liability, Plaintiff would show McCoy's conduct amounted to an invasion of his privacy for which The City is liable, as McCoy knowingly violated January's clearly established constitutional right to privacy.

31. Plaintiff January had a reasonable expectation of privacy in his personal financial records and affairs.

32. Defendants did not have a legitimate business interest in Plaintiff's personal financial records. Defendants did not have a legitimate purpose for the complained of conduct. Defendants' actions were not protected by law.

33. Defendants' intentional conduct was outrageous, highly offensive, humiliating, embarrassing and objectionable, unreasonably invading Plaintiff's privacy and offensive to the average, reasonable person.

34. Defendants acted without consent, permission or privilege.

35. As a direct and proximate result of said acts by McCoy and/or the City of Mansfield, January has suffered and will suffer past, present, and future severe emotional and mental trauma, distress and anguish, in addition to economic harm from damage done to his professional reputation. Plaintiff January is also entitled to punitive damages.

## COUNT IV

### INVASION OF PRIVACY AND VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
(as to Plaintiff January only against Defendant City of Mansfield only)

36. Plaintiff Carlos January realleges and incorporates herein the allegations in the preceding paragraphs as if fully set forth herein.

37. In the alternative to Plaintiff January's claim of invasion of privacy alleged in this complaint, in the event it is established that McCoy's alleged acts of invasion of privacy were committed in his capacity as mayor, January would show the City of Mansfield is liable to him for the injuries and damages claimed herein for invasion of privacy through disclosure of confidential information, a right of privacy provided for and protected by the Fourteenth Amendment to the United States Constitution. To the extent said invasion of privacy amounts to a violation of a federal right under color of state law, the City of Mansfield is also liable to Plaintiff January for a violation of his civil rights pursuant to 42 U.S.C. § 1983.

38. McCoy's complained of actions were wholly unrelated to any legitimate state objective, were done in bad faith and maliciously with a deliberate indifference to

January's protected rights, and with a callous and reckless disregard for his rights. An award of punitive damages against McCoy is warranted.

39. Because all policy-making authority for the Defendant City of Mansfield is vested primarily in its mayor, The City is responsible for such policies and practices, or customs that have become tantamount to policies, which have been made, continued, or otherwise carried out by the mayor in accordance with which the acts and omissions described herein have caused injury to January. These policies, practices, customs and other acts are directly attributable to The City and are as follows:

    a) A deliberate indifference to civil and privacy rights of citizens;

    b) Facilitating, condoning and approving conduct known to be in violation of civil rights and acting with a deliberate indifference to the effect that the complained of actions have upon the constitutional rights of persons such as January;

    c) other violations of January's civil rights.

40. Said policies, practices, customs and acts of the mayor of the City of Mansfield caused damage to January in violation of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983, and the laws and Constitution of the State of Louisiana.

41. Any defense of qualified immunity is unavailable to defendant McCoy, because his conduct violates clearly established laws protecting individual privacy rights, including the right to have personal financial affairs and records not disclosed to the public.

42. As a result of said civil rights violations, Plaintiff January is entitled to

compensatory and punitive damages, attorney fees, and costs.

## V. VICARIOUS LIABILTY

43. As alleged herein, to the extent Plaintiff January's alternative claim against the City of Mansfield requires a showing that The City is responsible for the complained of conduct, Plaintiff January would show Defendant McCoy was acting on behalf of the City of Mansfield, for which conduct the City of Mansfield is vicariously liable.

## VI. JURY TRIAL DEMAND

44. Plaintiff demands a trial by jury on all issues triable by jury.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that Defendants City of Mansfield and Curtis W. McCoy be cited to appear and answer and that Plaintiffs January and Reynolds have relief and judgment against Defendants as follows:

   a. A judgment against the City of Mansfield pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), awarding Plaintiffs all just and due unpaid wages, an equal amount as liquidated damages, attorney's fees, and costs of this action;

   b. A judgment against the City of Mansfield pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), awarding Plaintiff Carlos January all just, legal and equitable relief, including, but not limited to, back wages, reinstatement, or, alternatively, front pay in lieu of reinstatement, an amount equal to back wages as liquidated damages, other compensatory damages, punitive damages, attorney's fees, expenses and costs of this action;

   c. An injunction pursuant to Section 17 of the FLSA, 29 U.S.C. §

217, or otherwise as provided by law, permanently enjoining and restraining the City of Mansfield, its officers, agents, servants, employees, and those persons in active concert or participation with the City of Mansfield, from violating the FLSA;

        d.    A judgment against the City of Mansfield and Curtis W. McCoy in an amount sufficient to compensate Plaintiff Carlos January for the harm and actual damage suffered by him as a direct and proximate result of McCoy's complained of tortious conduct and for any punitive damages, attorney's fees, costs, expenses, and fees warranted by law;

        e.    An award of all pre-judgment and post-judgment judicial interest and for all other just and equitable relief to which Plaintiffs may be entitled.

        Respectfully Submitted,

        HILBURN & HILBURN, P.C.
        *A Professional Law Corporation*

BY: _____
        Jennifer W. Hilburn (LA 27908/TX 792003)
        Cary A. Hilburn (LA 26656 / TX 00790881)

        HILBURN & HILBURN, P.C.
        220 Carroll Street
        Building A, Suite 200
        Shreveport, Louisiana 71105
        Telephone   (318) 868-8810
        Telecopier   (318) 868-8081
        E-mail:      jennifer@hilburnlaw.com
                         cah@hilburnlaw.com

        ATTORNEYS FOR PLAINTIFFS
        CARLOS JANUARY and
        AARON REYNOLDS.

# Hilburn & Hilburn, P.C.
### *A Professional Law Corporation\**

$350.00
rcv'd

RECEIVED
BY: _____
MAY 1 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

220 Carroll Street
Building A, Suite 200
Shreveport, LA 71105
(318) 868-8810 phone
(318) 868-8081 fax
jennifer@hilburnlaw.com

*Attorneys licensed to practice law in Louisiana and Texas.

### VIA US FIRST CLASS MAIL

May 11, 2006

Mr. Robert H. Shemwell, Clerk of Court
U.S. District Court
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA 71101

**Re: NEW CASE;** *Carlos January and Aaron Reynolds v. City of Mansfield and Curtis W. McCoy, individually and as mayor of the City of Mansfield*

Dear Mr. Shemwell:

Please find enclosed our check in the amount of $350.00, along with Plaintiffs' Original Complaint for filing in the above-styled matter.

Please do not hesitate to contact this office should you have any questions.

Very truly yours,

Jennifer W. Hilburn

CAH/pbc